**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-7679**

—————————

UNITED STATES OF AMERICA,

             Petitioner – Appellee,

        v.

FRANCISCO CASTREJON-ALVAREZ,

             Respondent - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:08-hc-02101-D-JG)

—————————

Submitted:  November 27, 2013      Decided:  December 18, 2013

—————————

Before KEENAN, WYNN, and THACKER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC,
Warrenton, North Carolina, for Appellant. Thomas G. Walker,
United States Attorney, R.A. Renfer, Jr., Joshua B. Royster,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Castrejon-Alvarez appeals from the district court's order civilly committing him pursuant to 18 U.S.C. § 4248 (2012) to the custody and care of the Attorney General. The United States sought to commit Castrejon-Alvarez as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247, 4248 (2012) (the Act). On appeal, Castrejon-Alvarez contends that the Act violates equal protection, and is criminal and not civil in nature. Castrejon-Alvarez also contends that the district court clearly erred in finding that the Government proved by clear and convincing evidence that he would be unable to refrain from future acts of child molestation. Finding no error, we affirm.

Pursuant to the Act, after a hearing, if the district court finds by clear and convincing evidence that a person is a "sexually dangerous person," the court must commit the person to the custody of the Attorney General. 18 U.S.C. § 4248(d). A "sexually dangerous person" is one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others . . . ." 18 U.S.C. § 4247(a)(5). A person is considered "sexually dangerous to others" if "the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct

2

or child molestation if released." 18 U.S.C. § 4247(a)(6). We review the district court's factual findings for clear error and legal decisions de novo. United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012).

Castrejon-Alvarez argues that 18 U.S.C. § 4248 violates equal protection because it applies only to federal prisoners and those committed to the Attorney General under 18 U.S.C. § 4241 (2012). He further claims that the Act is a criminal statute and is not civil in nature. As Castrejon-Alvarez recognized in his brief, this Court's decision in United States v. Timms, 664 F.3d 436, 448-49 (4th Cir. 2012) forecloses these issues. In Timms, we applied rational basis review and held that "Congress rationally limited § 4248's scope to sexually dangerous persons within BOP custody." Id. As to Castrejon-Alvarez's argument that the Act is a criminal statute, the court in Timms made clear "that § 4248 creates civil — not criminal — proceedings, and that [respondent's] arguments relying on § 4248 being a criminal proceeding therefore fail." Timms, 664 F.3d at 456.

Castrejon-Alvarez also claims that it was error to find that he would be unable to refrain from sexually violent behavior or molestation of a child, as required by 18 U.S.C. §§ 4748(A)(5)-(6). In this regard, he contends that the court gave undue deferential weight to the opinions of the three

3

experts for the Government and essentially discounted the testimony of Castrejon-Alvarez's expert, Dr. Warren. When "[e]valuating the credibility of experts and the value of their opinions," we are "especially reluctant to set aside a finding based on the trial court's evaluation of conflicting expert testimony." Hall, 664 F.3d at 462 (citation omitted). It was within the province of the district court to determine which expert opinion to credit. There is nothing to indicate that Drs. North, Graney, and Artigues's testimony is inconsistent with the evidence presented. Indeed, it appears more consistent with the record than Dr. Warren's testimony, as the district court also found. Expert opinion is critical to determining whether Castrejon-Alvarez suffers from a mental illness. See Addington v. Texas, 441 U.S. 418, 429 (1979).

The serious difficulty element "refers to the degree of the person's 'volitional impairment,' which impacts the person's ability to refrain from acting upon his deviant sexual interests." Hall, 664 F.3d at 463 (citing Kansas v. Hendricks, 521 U.S. 346, 358 (1997)). Three experts testified that it was their expert belief that Castrejon-Alvarez would have serious difficulty refraining from sexually deviant conduct. Their expert testimony is supported by Castrejon-Alvarez's conduct, as he has repeated involvement in sexually-motivated offense behaviors. In addition, Castrejon-Alvarez has not been

4

compliant or availed himself of sex offender treatment. As the experts opined, such conduct is a likely indicator that Castrejon-Alvarez will not be amenable to future treatment. In addition, the actuarial measures all indicated Castrejon-Alvarez has an elevated risk of reoffending. Thus, the record as a whole shows that Castrejon-Alvarez will have serious difficulty in refraining from sexually violent conduct if released.

Under the applicable clear-error standard, we will not reverse unless "we are left with the definite and firm conviction that a mistake has been committed." United States v. Caporale, 701 F.3d 128, 135 (4th Cir. 2012) (internal citations and quotation marks omitted). We have no such conviction. We have reviewed the record, the hearing transcript, and the district court's order incorporating its ruling from the bench and conclude that the district court did not clearly err. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

5